UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| ANAISSA B. GERWALD, | ) | |
| | ) | |
| v. | ) | Case No. CV413-231 |
| | ) | CR411-249 |
| WARDEN, FCI, | ) | |
| TALLAHASSEE, FL.[1] | ) | |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Anaissa Beth Gerwald petitions under 28 U.S.C. § 2241 for relief from a federal Bureau of Prisons (BOP) sentence credit computation. CV413-231, doc. 1. An October 2011 indictment in this district charged her with making false statements in bankruptcy and bankruptcy fraud. CR411-249, doc. 1. Upon her guilty plea in this Court, she was sentenced to 28 months. *Id.*, doc. 49. She has since asked the BOP to give her credit for "the 2 years [she] spent under house

---

[1] The Court has amended the caption to reflect that the proper respondent is Gerwald's warden, and not also the (originally captioned) Bureau of Prisons (BOP), since only her warden has legal custody of her. *Rumsfeld v. Padilla*, 542 U.S. 426, 439–40 (2004) (immediate custodian is proper respondent); *United States v. Figueroa*, 349 F. App'x 727, 730 (3rd Cir.2009); 39 AM.JUR.2D HABEAS CORPUS § 93 (Aug. 2013) ("because the writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds the prisoner in what is alleged to be unlawful custody, a district court acts within its respective jurisdiction within the meaning of the statute as long as the custodian can be reached by service of process."). The Clerk shall amend the docket accordingly, and all subsequent filings shall conform.

arrest. . . ."[2]  CV413-231 doc. 1 at 4.  The BOP administratively denied her request, and she challenges it under § 2241.

Gerwald is challenging only the execution of her sentence, not the sentence itself.  Plus she is housed in a Tallahasee, Florida federal correctional institution (FCI) located within the Northern District of Florida, doc. 1-1, and § 2241 petitions may be brought only in the district in which the inmate is incarcerated.  "[C]ourts outside the district of a petitioner's incarceration do not have jurisdiction over a petitioner's § 2241 motion. *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir.1991)." *United States v. Agosta*, 505 F. App'x 893, 894 (11th Cir. 2013).  As the Court lacks jurisdiction to consider her petition, this matter must be **DISMISSED.**

**SO REPORTED AND RECOMMENDED** this  14th  day of November, 2013.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] "The Attorney General through the BOP, and not the district courts, is authorized, under 18 U.S.C. § 3585(b), to compute sentence credit awards after sentencing. *Dawson v. Scott*, 50 F.3d 884, 889 (11th Cir. 1995)." *United States v. Berio*, 428 F. App'x 944, 944 (11th Cir. 2011).